IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

EMILY DIXON, Psy.D. and          §
RICARDO CARRERA,                 §
                                 §
                Plaintiffs,      §
                                 §      Civil Action No. 3:22-CV-1827-D
VS.                              §
                                 §
MERRICK GARLAND, et al.,         §
                                 §
                Defendants.      §

MEMORANDUM OPINION
AND ORDER

This is a suit by plaintiffs Emily Dixon, Psy.D. ("Dr. Dixon") and Ricardo Carrera

("Carrera") against defendants Merrick Garland ("General Garland"), Heriberto Tellez

("Tellez"), Michael Smith ("Warden Smith"), and Gerardo Rosalez ("Warden Rosalez"),

alleging discrimination and harassment claims under Title VII of the Civil Rights Act of

1964 ("Title VII"), 42 U.S.C. § 2000e *et seq.* Defendants move under Fed. R. Civ. P.

12(b)(6) to dismiss the claims brought against Tellez and Wardens Smith and Rosalez for

failure to state a claim on which relief can be granted. Defendants also move to sever

plaintiffs' claims and to transfer venue pursuant to 28 U.S.C. § 1404(a). For the reasons that

follow, the court grants defendants' motion to dismiss plaintiffs' claims against Tellez and

Wardens Smith and Rosalez and dismisses the actions against them by Rule 54(b) final

judgment entered today; grants the motion to sever; and grants the motion to transfer under

§ 1404(a) and transfers Dr. Dixon's action against General Garland to the Fort Worth

Division of this court and transfers Carrera's action against General Garland to the Austin

Division of the Western District of Texas.

I

Dr. Dixon and Carrera are employees of the Federal Bureau of Prisons ("BOP").[1] General Garland is the Attorney General of the United States; Tellez is the Regional Director of the BOP South Central Region; Smith is the Warden of Federal Medical Center Carswell ("FMC Carswell"), where Dr. Dixon is employed; and Warden Rosalez is the Warden of Federal Correctional Institution Bastrop ("FCI Bastrop"), where Carrera is employed.

Dr. Dixon is a clinical psychologist and licensed sex offender treatment provider, serving as dual diagnosis drug abuse program coordinator at FMC Carswell, which is located in Fort Worth, Texas. She resides in Tarrant County, Texas, where Fort Worth is located. Dr. Dixon alleges that her supervisor and his protégé have subjected her to employment discrimination and a hostile work environment in retaliation for her testifying on behalf of another employee who was making claims of discrimination and harassment, and for complaining herself of discrimination, harassment, and retaliation, and that Tellez and Warden Smith have refused to remedy this discrimination. Dr. Dixon filed an Equal Employment Opportunity ("EEO") complaint in 2019, which is currently pending.

Carrera is a drug treatment specialist at FCI Bastrop, located in Bastrop, Texas. He resides in Bastrop County, Texas, where Bastrop is located. Carrera alleges that his

---

[1] In deciding defendants' motion to dismiss, the court construes plaintiffs' complaint in the light most favorable to plaintiffs, accepts as true all well-pleaded factual allegations therein, and draws all reasonable inferences in plaintiffs' favor. *See, e.g.*, *Lovick v. Ritemoney Ltd.*, 378 F.3d 433, 437 (5th Cir. 2004).

supervisor has subjected him to employment discrimination and harassment in retaliation for reporting that a coworker assaulted him at a restaurant in April 2021.  Carrera filed an EEO complaint in July 2021, which is currently pending.

Defendants move to dismiss, sever, and transfer parts of these actions.  They maintain that (1) all claims against Tellez and Wardens Smith and Rosalez should be dismissed pursuant to Rule 12(b)(6) for failure to state a claim because defendant General Garland, as Attorney General, is the only proper defendant in a Title VII action brought against the BOP; (2) plaintiffs' claims are misjoined, or, alternatively, should be severed because of prejudice to the defendants and lack of evidentiary overlap; and (3) once severed, Dr. Dixon's case should be transferred to the Fort Worth Division of this court and Carrera's case should be transferred to the Austin Division of the Western District of Texas under § 1404(a). Defendants maintain that most of the events pertinent to Dixon's claims occurred in the Fort Worth Division and that most of the witnesses and evidence are located in the Fort Worth Division.  Regarding Carrera's claims, defendants posit that most of the events occurred in the Austin Division of the Western District of Texas and that most of the witnesses and evidence are located in the Austin Division.  Plaintiffs oppose the motion, which the court is deciding on the briefs.

II

The court turns first to defendants' motion to dismiss. Defendants maintain that plaintiffs' claims against Tellez and Wardens Smith and Rosalez should be dismissed because the only proper defendant in a Title VII action brought against the BOP is the Attorney General. Plaintiffs counter that because they seek only declaratory and/or injunctive relief against these defendants, their Title VII claims against them should be allowed to proceed.

A

In deciding a Rule 12(b)(6) motion, the court evaluates the sufficiency of the plaintiffs' complaint "by accepting all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff[s]." *Bramlett v. Med. Protective Co., Ind.*, 855 F.Supp.2d 615, 618 (N.D. Tex. 2012) (Fitzwater, C.J.) (quoting *in re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007)) (alterations adopted). "The court's review [of a Rule 12(b)(6) motion] is limited to the complaint, any documents attached to the complaint, and any documents attached to the motion to dismiss that are central to the claim and referenced by the complaint." *Lone Star Fund V (U.S.), L.P. v. Barclays Bank PLC*, 594 F.3d 383, 387 (5th Cir. 2010) (citation omitted). To survive defendants' motion, plaintiffs' complaint must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff[s] plead[] factual content that allows the court to draw the reasonable inference that the defendant[s] [are] liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678

-4-

(2009).

Claims against a party may be dismissed pursuant to Rule 12(b)(6) if the defendant is not a proper party to be sued. *See Indest v. Freeman Decorating, Inc.*, 164 F.3d 258, 262 (5th Cir. 1999) (affirming dismissal under Rule 12(b)(6) of individual employees because individual employee cannot be sued for damages under Title VII); *Marable v. Dep't of Com.*, 2021 WL 536510, at *5 (N.D. Tex. Jan. 28, 2021) (Horan, J.)("[D]ismissal based on [plaintiff's] failure to name a proper defendant for his Title VII and ADEA claims may be brought under [Rule] 12(b)(6), for failure to state a claim upon which relief can be granted."), *rec. adopted*, 2021 WL 535851 (N.D. Tex. Feb. 12, 2021) (Godbey, J.), *aff'd*, 857 Fed. Appx. 836 (5th Cir. 2021).

B

In Title VII actions brought by federal employees, "the head of the department, agency, or unit, as appropriate, shall be the defendant." 42 U.S.C. § 2000e-16(c). When suing the BOP, the Attorney General of the United States is the only proper defendant. *See Skoczylas v. Fed. Bureau of Prisons*, 961 F.2d 543, 544 (5th Cir. 1992); *Baney v. Gonzales*, 2007 WL 1944462, at *6 (N.D. Tex. June 27, 2007) (Lindsay, J.). This is true regardless of the type of relief sought against the named defendants; otherwise, the agency could effectively "be held liable twice for the same act." *Indest*, 164 F.3d at 262 (quoting *Allen v. Tulane Univ.*, 1993 WL 459949, at *4 (E.D. La. Nov. 2, 1993)). Therefore, defendants' motion to dismiss the Title VII claims against these defendants is granted, and all Title VII claims against Tellez and Wardens Smith and Rosalez are dismissed with prejudice by Rule

54(b) final judgment filed today.

III

The court turns next to defendants' motion to sever.  Defendants contend that the court

should sever plaintiffs' claims into separate lawsuits under Rule 21 because the claims arise

from different alleged acts of discrimination in different workplaces and have been

misjoined.  Defendants maintain that, even if joinder is proper, the court in its discretion

should sever plaintiff's claims because of prejudice and the lack of evidentiary overlap.

A

Rule 20 provides that

> [p]ersons may join in one action as plaintiffs if: (A) they assert
> any right to relief jointly, severally, or in the alternative with
> respect to or arising out of the same transaction, occurrence, or
> series of transactions or occurrences; and (B) any question of
> law or fact common to all plaintiffs will arise in the action.

"[J]oinder of claims, parties and remedies is strongly encouraged."  *United Mine Workers of*

*Am. v. Gibbs*, 383 U.S. 715, 724 (1966).  "Claims arise out of the same transactions or

occurrences when the complaint alleges a defendant's pattern or policy of behavior,

regardless of differences amongst the plaintiffs' individual claims."  *McConnell v. Sw. Bell*

*Tel. L.P.*, 2021 WL 1561435, at *3 (N.D. Tex. Apr. 21, 2021) (Starr, J.); *see also Battison*

*v. City of Electra*, 2001 WL 497769, at *2 (N.D. Tex. May 8, 2001) (Buchmeyer, C.J.).

Rule 21 provides that, although "[m]isjoinder of parties is not a ground for dismissing

an action," a "court may . . . sever any claim against a party."  "As the movants, [defendants]

bear the burden in seeking severance under Rule 21."  *Paragon Off. Servs., LLC v.*

-6-

*UnitedHealthcare Ins. Co.*, 2012 WL 4442368, at *1 (N.D. Tex. Sept. 26, 2012) (Fitzwater, C.J.) (citing *Aspen Tech., Inc. v. Kunt*, 2011 WL 86556, at *3 (S.D. Tex. Jan.10, 2011)). "The trial court has broad discretion to sever issues to be tried before it." *Brunet v. United Gas Pipeline Co.*, 15 F.3d 500, 505 (5th Cir. 1994) (citing Rule 21).

Courts consider the following factors in determining whether to sever claims under Rule 21:

> (1) whether claims arise out of the same transaction, occurrence, or series of transactions or occurrence; (2) whether the claims present common questions of law or fact; (3) whether settlement of the claims or judicial economy would be facilitated; (4) whether prejudice would be avoided if severance were granted; and (5) whether different witnesses and documentary proof are required for the separate claims.

*Def. Distributed v. Bruck*, 30 F.4th 414, 431 (5th Cir. 2022) (citations omitted).

B

Because the court in its discretion concludes next that plaintiffs' suits should be severed, it will assume *arguendo* that their actions are properly joined.

Even when joinder is permitted under Rule 20, "district courts have considerable discretion to deny joinder when it would not facilitate judicial economy and when different witnesses and documentary proof would be required for plaintiffs' claims." *Acevedo v. Allsup's Convenience Stores, Inc.*, 600 F.3d 516, 522 (5th Cir. 2010) (citation omitted). In this case, allowing plaintiffs' claims to proceed together will not promote judicial economy and will likely prejudice General Garland. Dr. Dixon and Carrera worked in different facilities, under different supervisors, in different positions, and were allegedly discriminated

against for different reasons and at different times.  Litigating their claims involves different witnesses and evidence, with very little overlap between the two cases.  And General Garland will likely be prejudiced by the necessity of defending two separate and distinct cases in a combined trial, with the attendant risk of jury confusion and the prospect that the jury might give the plaintiffs' individual claims more credence because they are asserted by two claimant's rather than one.  The court will therefore exercise its discretion to sever plaintiffs' remaining Title VII actions against General Garland.

IV

The court now considers defendants' motion to transfer venue.  Defendants request that, if plaintiffs' claims are severed, then under § 1404(a) Dr. Dixon's claims be transferred to the Fort Worth Division of this court and Carrera's claims be transferred to the Austin Division of the Western District of Texas.

A

Section 1404(a) provides that "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought."  "The decision to transfer is made to prevent waste of time, energy, and money and to protect litigants, witnesses, and the public against unnecessary inconvenience and expense."  *Bank One, N.A. v. Euro–Alamo Invs., Inc.*, 211 F.Supp.2d 808, 811 (N.D. Tex. 2002) (Fitzwater, J.) (citing *Stabler v. N.Y. Times Co.*, 569 F. Supp. 1131, 1137 (S.D. Tex. 1983)).  "The burden rests on the [moving parties] to prove by a preponderance of the evidence that [the] choice of forum should be disturbed and

transfer is appropriate based on a balancing of relevant factors." *Mannatech, Inc. v. K.Y.C., Inc.*, 2006 WL 2216033, at *2 (N.D. Tex. Aug. 3, 2006) (Solis, J.) (citation omitted); *see also Peteet v. Dow Chem. Co.*, 868 F.2d 1428, 1436 (5th Cir. 1989). "A plaintiff's choice is normally entitled to deference, but when she files suit outside her home forum, the weight accorded to the choice is diminished." *Sivertson v. Clinton*, 2011 WL 4100958, at *4 (N.D. Tex. Sept. 14, 2011) (Fitzwater, C.J.) (citation omitted). "The determination of 'convenience' turns on a number of private and public interest factors, none of which are given dispositive weight." *In re Volkswagen AG*, 371 F.3d 201, 203 (5th Cir. 2004) (citing *Action Indus., Inc. v. U.S. Fid. & Guar. Co.*, 358 F.3d 337, 340 (5th Cir. 2004)).

> The private concerns include: (1) the relative ease of access to sources of proof; (2) the availability of compulsory process to secure the attendance of witnesses; (3) the cost of attendance for willing witnesses; and (4) all other practical problems that make trial of a case easy, expeditious and inexpensive.
>
> The public concerns include: (1) the administrative difficulties flowing from court congestion; (2) the local interest in having localized interests decided at home; (3) the familiarity of the forum with the law that will govern the case; and (4) the avoidance of unnecessary problems of conflict of laws of the application of foreign law.

*Id.* (citing *Piper Aircraft Co. v. Reyno*, 454 U.S. 235, 241 n.6 (1981)).

## B

Beginning with Dr. Dixon's action, because the allegedly discriminatory acts occurred in the Fort Worth Division, her action could have been brought there initially. *See* 42 U.S.C. § 2000e-5(f)(3); 28 U.S.C. § 1404(a).

-9-

Consideration of the private interest factors favors transferring Dr. Dixon's action to the Fort Worth Division. Although compulsory process for Fort Worth witnesses is available in both the Dallas and Fort Worth Divisions, most, if not all, of the evidence and witnesses are likely to be found in the Fort Worth Division. Therefore, the first and third private interest factors strongly favor transfer.

In considering the public interest factors, the court notes that Dallas Division citizens have little interest in deciding claims made by a Fort Worth Division resident against a Fort Worth Division employer,[2] while those living in the Fort Worth Division have a substantial interest in deciding this case locally. *See Monsanto Co. v. Ledbetter*, 2008 WL 11347430, at *2 (N.D. Tex. Mar. 10, 2008) (Godbey, J.); *Thomas v. City of Fort Worth, Tex.*, 2008 WL 4225556, at *2 (N.D. Tex. Sept. 15, 2008) (O'Connor, J.).

Moreover, "no Section 1404(a) factor appears to actually favor maintaining this . . . case in the Dallas Division." *Franklin v. GMAC Mortg.*, 2013 WL 2367791, at *2 (N.D. Tex. May 30, 2013) (Fitzwater, C.J.) (holding that when a substantial part of the events giving rise to the claim occurred outside the Dallas Division, the plaintiff resided in the Fort Worth Division, and localized interests and considerations of expense favored litigation in Fort Worth, the Fort Worth Division was a more convenient forum than was the Dallas Division). And because Dr. Dixon resides in the Fort Worth Division, "[t]he Court sees no

---

[2]General Garland himself is not literally a Fort Worth Division employer, but the persons who allegedly discriminated and retaliated against Dr. Dixon are appropriately viewed this way.

way in which the Plaintiff would be inconvenienced by the transfer, and there has been no showing that any of Plaintiff's witnesses would be inconvenienced by the change in forum." *Thomason v. Baylor All Saints Med. Ctr.*, 2007 WL 1650420, at *3-4 (N.D. Tex. June 7, 2007) (Boyle, J.) (holding that although the Fort Worth courthouse and the Dallas courthouse are only 33 miles apart, when there appeared to be "no nexus between the case and the Dallas Division," transfer to the Fort Worth Division was warranted).

Therefore, because consideration of the private and public interest factors strongly weighs in favor of transfer, and there appears at most to be a tenuous connection between Dr. Dixon's claims and the Dallas Division, Dr. Dixon's action is transferred to the Fort Worth Division under § 1404(a). *See Davis v. City of Fort Worth, Tex.*, 2014 WL 2915881 (N.D. Tex. June 25, 2014) (Fitzwater, C.J.); *Martinez v. City of Fort Worth, Tex.*, 2003 WL 21289654, at *2 (N.D. Tex. May 28, 2003) (Lynn, J.) ("Because the parties, the vast majority of witnesses, the relevant books, documents, and records, the location of the alleged discriminatory acts, and the locus of almost all operative facts and substantive discovery reside in or point to Fort Worth, the Court finds that the Fort Worth Division is the more appropriate forum.").

Carrera's action should be transferred under § 1404(a) for very similar reasons. His action could have been brought initially in the Austin Division of the Western District of Texas, where the allegedly discriminatory and retaliatory acts occurred. *See* 42 U.S.C. § 2000e-5(f)(3); 28 U.S.C. § 1404(a).

Turning first to the private interest factors, the court notes that most, if not all, of the

-11-

evidence and witnesses are likely to be found in the Austin Division of the Western District of Texas.  And because FCI Bastrop is located approximately 200 miles from the Dallas courthouse, compulsory process to secure attendance of nonparty witnesses residing in Bastrop County may not be available to Carrera in the Dallas Division.  *See* Rule 45(c).  But because FCI Bastrop is fewer than 40 miles from the Austin courthouse, compulsory process would be available in the Austin Division.  Indeed, the substantial distance between FCI Bastrop and the Dallas courthouse further increases the cost of attendance for witnesses willing to appear.  Therefore, the first, second, and third private interest factors strongly weigh in favor of transfer.

Turning to the public interest factors, although most of these factors are neutral regarding transfer, the court notes that, regarding the second factor, Dallas citizens have little interest in deciding claims made by an Austin Division resident against an Austin Division employer,[3] while those living in the Austin Division have a substantial interest in deciding this case locally.  The second public interest factor therefore strongly favors transfer to the Austin Division.

As before, the court notes that "no Section 1404(a) factor appears to actually favor maintaining this . . . case in the Dallas Division."  *Franklin*, 2013 WL 2367791, at *2.  And because Carrera resides in the Austin Division, "[t]he Court sees no way in which the Plaintiff would be inconvenienced by the transfer, and there has been no showing that any

---

[3]General Garland himself is not literally an Austin Division employer, but the person who allegedly discriminated and retaliated against Carrera is appropriately viewed this way.

of Plaintiff's witnesses would be inconvenienced by the change in forum." *Thomason*, 2007 WL 1650420, at *4.

Therefore, because the first, second, and third private interest factors and the second public interest factor strongly weigh in favor of transfer, and because the parties, most if not all witnesses and evidence, the location of the allegedly discriminatory and retaliatory acts, and "the locus of almost all operative facts and substantive discovery reside in or point to" the Austin Division, the court transfers Carrera's case to the Austin Division of the Western District of Texas. *Martinez*, 2003 WL 21289654, at *2.

\*     \*     \*

Accordingly, for the reasons explained, the court grants defendants' motion to dismiss plaintiffs' claims against Tellez and Wardens Smith and Rosalez and dismisses the actions against them by Rule 54(b) final judgment entered today; grants the motion to sever; and grants the motion to transfer under § 1404(a) and transfers Dr. Dixon's action against General Garland to the Fort Worth Division of this court and transfers Carrera's action against General Garland to the Austin Division of the Western District of Texas.

**SO ORDERED**.

January 6, 2023.

SIDNEY A. FITZWATER
SENIOR JUDGE